IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EBTIHAL ALBAIATY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CV3120 |
| | ) | |
| v. | ) | |
| | ) | |
| TED POCWIERZ, Lt., in his personal and official capacity, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff Ebtihal Albaiaty filed his complaint in this matter on June 12, 2012 (Filing No. 1). Plaintiff was given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against one defendant, Ted Pocwierz (Filing No. 1). He has sued defendant in his "personal and official" capacities. (*Id.* at CM/ECF p. 1.) Defendant is a lieutenant at the detention facility where plaintiff is incarcerated. (*Id.* at CM/ECF p. 2.)

Plaintiff alleges that he has an Arabic-language Quran in his possession at the detention facility, which he can read "but not well." His family brought him an English-language Quran, but defendant would not allow him to possess an additional

copy of the Quran or exchange it for the one in his possession. (*Id.* at CM/ECF p. 5.)  Plaintiff alleges that defendant allows him to have several copies of the Christian Bible, but only allows him to have one copy of the Quran.  (*Id.*)  Defendant's conduct makes plaintiff feel "put down and denegrated [sic]." (*Id.*)  As relief, plaintiff asks that the Court direct the jail to allow inmates to have the same access to the Quran as they do the Christian Bible, and also to stop punishing him and other Muslims for practicing their faith.  (*Id.* at CM/ECF p. 6.)

**II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

-2-

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION OF CLAIMS**

    **A.   Plaintiff's First Amendment Claim**

Liberally construed, plaintiff alleges that defendant violated his First Amendment right to religious freedom. The First Amendment, made applicable to the states through the Fourteenth Amendment, prohibits Congress from making any "law respecting an establishment of religion, or prohibiting the free

-3-

exercise thereof." U.S. CONST. amend. I. A prisoner retains his First Amendment right to the free exercise of his religion so long as those rights "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). It is well-established that only those beliefs that are (1) sincerely held, and (2) religious in nature are entitled to constitutional protection. Wisconsin v. Yoder, 406 U.S. 205, 215-19 (1972).

To state a First Amendment claim, plaintiff must allege facts tending to show that prison officials have substantially burdened the free exercise of his religion. Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008). Substantially burdening one's free exercise of religion means that the regulation significantly inhibits or constrains conduct or expression that manifests some central tenet of a person's individual religious beliefs, meaningfully curtails the person's ability to express adherence to his or her faith, or denies a person reasonable opportunities to engage in those activities that are fundamental to a person's religion. Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 988 (8th Cir. 2004).

Here, plaintiff's allegations are not sufficient to state a First Amendment claim. Plaintiff does not indicate how possessing only one Arabic-language Quran prevents him from

-4-

practicing his faith.  Indeed, plaintiff states that he "*can read Arabic* but not well."  (Filing No 1 at CM/ECF p. 4 (emphasis added).)  In addition, plaintiff does not allege that defendant's actions have restricted him from practicing his faith.  Specifically, he does not allege that defendant's refusal to provide him with an additional or replacement copy of the Quran burdens his free exercise of religion.  In short, plaintiff has failed to state a First Amendment claim upon which relief may be granted.

On the Court's own motion, plaintiff will have 30 days in which to amend his complaint to sufficiently allege a First Amendment claim against defendant.  If plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**B.   Plaintiff's Official-Capacity Claim**

A suit against a public employee in his official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  Thus, the Court construes a suit against defendant in his official capacity as a suit against Platte County, Nebraska.  As a municipal defendant, Platte County, Nebraska, may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights.

*Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Platte County, Nebraska, employees, or that the

-6-

county's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, plaintiff has failed to allege sufficient facts to "nudge" his claims against Platte County, Nebraska, across the line from conceivable to plausible under the *Jane Doe* standard.

On its own motion, the Court will permit plaintiff 30 days in which to amend his complaint to sufficiently allege a claim against the Platte County, Nebraska, in accordance with the *Jane Doe* standard. Any amended complaint must restate the allegations of plaintiff's prior complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IV. Plaintiff's Request for Counsel**

Plaintiff seeks the appointment of counsel (Filing No.1 at CM/ECF p. 6). However, the Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has

-7-

broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS ORDERED:

1. Plaintiff shall have until September 13, 2012, to amend his complaint to clearly state a claim upon which relief may be granted against defendant, in accordance with this Memorandum and Order. If plaintiff fails to file an amended complaint, his complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, he must restate the allegations of the current complaint and any new allegations.

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: September 13, 2012: Check for amended complaint, and dismiss if none filed.

4. Plaintiff's request for the appointment of counsel (Filing No. 1 at CM/ECF p. 6) is denied without prejudice to reassertion.

5.    Plaintiff must keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 13th day of August, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.